```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SANDRA KASALI                    :    CIVIL ACTION
                                 :    NO. 04-500
         Plaintiff,              :
                                 :
    v.                           :
                                 :
J.P. MORGAN/CHASE MANHATTAN      :
MORTGAGE CORP.,                  :
                                 :
         Defendant.              :
```

ORDER - MEMORANDUM

**AND NOW**, this **7th** day of **November 2005**, upon consideration of defendant's motion for summary judgment (doc. no. 34) and plaintiff's response thereto (doc. no. 38), and a hearing in which counsel for both parties participated, it is hereby **ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**.

It is **FURTHER ORDERED** that Defendant's Motion for Leave to File a Reply Brief (doc. no. 39) is **GRANTED**.

I.   BACKGROUND

Plaintiff, Sandra Kasali, filed an age discrimination action against Chase Manhattan Mortgage Corp. ("Chase") in February 2004. Plaintiff alleged that defendant violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a)(1),(2), and the Pennsylvania Human Relations Act (PHRA),

43 Pa. Cons. Stat. Ann. § 951, et seq, by illegally failing to promote her on or about June 6, 2001, because of her age, and illegally retaliating against her in December 2001.  After defendant moved to dismiss and subsequently moved for summary judgment on timeliness grounds, the Court permitted plaintiff to proceed with the failure to promote and the retaliation claim.  See Order of September 28, 2004 (doc. no. 19) (dismissing plaintiff's claims of "pattern and practice" as not exhausted).

On September 2, 2004, plaintiff filed a second charge with the EEOC alleging that Chase maintained a hostile work environment from the fall of 2001 to the present.  She filed an amended complaint on January 10, 2005 (after being granted leave to do so).  In her amended complaint, plaintiff added allegations to her original claims that from the fall of 2001 through the present, Chase unlawfully: (1) denied plaintiff several promotional opportunities because of her age and her protected anti-discriminatory activities, (2) provided her with less favorable compensation and other terms and conditions of her employment because of her age and her protected anti-discriminatory activities, and (3) maintained a work environment that was hostile to plaintiff because of her age and her protected anti-discriminatory activities.  Plaintiff collapsed these allegations into two counts: one under the ADEA and one under the PHRA.

On March 4, 2005, defendant filed a motion for summary judgment, and plaintiff responded thereto. During oral argument on October 21, 2005, plaintiff's counsel indicated that plaintiff was dropping all claims except for the June 2001 failure to promote claim and the December 2001 retaliation claim, both of which were made in the initial complaint.

Defendant argues that summary judgment should be granted as to the remaining claims based on the following: (1) plaintiff's PHRA claim concerning the June 2001 denial of promotion is time-barred because plaintiff did not file a claim with the PHRC within 180 days from the denial of the position; (2) plaintiff fails to put forward a prima facie case of discrimination under the ADEA on the failure to promote claim, and cannot show that the failure to promote was pretextual; and (3) plaintiff failed to demonstrate retaliation.

Standard for Summary Judgment

A court may grant summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" only if its existence or non-existence would affect the outcome of the suit

3

under governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  An issue of fact is "genuine" only when there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party regarding the existence of that fact.  Id.  In determining whether there exist genuine issues of material fact, all inferences must be drawn, and all doubts must be resolved, in favor of the non-moving party.  Coregis Ins. Co. v. Baratta & Fenerty, Ltd., 264 F.3d 302, 305-06 (3d Cir. 2001) (citing Anderson, 477 U.S. at 248).

Although the moving party bears the burden of demonstrating the absence of a genuine issue of material fact, in a case such as this, where the non-moving party is the plaintiff, and therefore, bears the burden of proof at trial, that party must present affirmative evidence sufficient to establish the existence of each element of his case. Id. at 306 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, (1986)).  Accordingly, a plaintiff cannot rely on unsupported assertions, speculation, or conclusory allegations to avoid the entry of summary judgment, see Celotex, 477 U.S. at 324, but rather, she "must go beyond the pleadings and provide some evidence that would show that there exists a genuine issue for trial."  Jones v. United Parcel Serv., 214 F.3d 402, 407 (3d Cir. 2000).

II.  TIMELINESS OF PLAINTIFF'S PHRA CLAIM

The ADEA provides a federal cause of action for individuals who have been discriminated against on the basis of their age.  29 U.S.C.A. § 621 et seq.  Because the Equal Employment Opportunity Commission (EEOC) possesses primary responsibility for enforcing the ADEA, the ADEA requires that a complainant file a charge with the EEOC to provide it with the opportunity to resolve the dispute before filing a lawsuit in federal court   See Bailey v. United Airlines, 279 F.3d 194, 197 (3d Cir. 2002).  A federal court must dismiss a plaintiff's complaint if the plaintiff fails to file a timely charge with the EEOC.  See Lipson v. Jackson Nat'l Life Ins. Co., No. Civ. A. 97-8051, 2004 WL 163681, at *3 (E.D. Pa. Jan. 8, 2004) (citing Bihler v. Singer Co., 710 F.2d 96, 98-99 (3d Cir. 1983)).  In a "deferral" state[1] (including Pennsylvania), the complainant must file its EEOC charge within 300 days after the alleged unlawful employment practice occurs.  See Bailey v. United Airlines, 279 F.3d 194, 197 (3d Cir. 2002).  To bring a suit under the PHRA, a plaintiff must file a claim with the PHRC within 180 days of the alleged incident.   43 Pa. Cons. Stat. § 959(h)(2005); Gaul v. Zep Manuf. Co., 2004 WL 234370, at *2 (E.D. Pa. 2004).

---

[1] A deferral state is a state that has a procedure for conciliation by state agencies.  29 U.S.C.A. § 633 (2005).  In Pennsylvania, the Pennsylvania Human Relations Commission ("PHRC") is responsible for hearing complaints brought under the PHRA.  43 Pa. Cons. Stat. § 957 (2005).

5

Defendant moves for summary judgment on plaintiff's PHRA claim based on the June 2001 alleged failure to promote. Plaintiff did not dual-file her claim regarding the June 2001 failure to promote with the PHRA until April 30, 2002, 328 days after the June 6, 2001 date of accrual, and defendant argues that the claim is therefore untimely.[2]

Plaintiff contends that the PHRA statute of limitations is subject to equitable tolling, and that such tolling should be applied to plaintiff's claim. Arguing that the reasoning in Gharzouzi v. Northwestern Human Servs. of Pennsylvania, 225 F. Supp.2d 514 (E.D. Pa. 2002), should be applied here, plaintiff states that she filed a charge with the EEOC within 180 days of accrual, and that the claim contained a request for dual-filing.

In Gharzouzi, the plaintiff filed a charge of discrimination with the EEOC on January 5, 2000, and clearly indicated on both the EEOC charge form and his accompanying cover letter that he wanted his charge to be dual-filed with the PHRC. The EEOC forwarded the charge to the PHRC in May 2000, and the PHRC formally docketed the charge on May 9, 2000. Defendants moved to dismiss plaintiff's PHRA claims due to untimeliness. The court found the PHRA limitations period to be equitably

---

[2] Plaintiff argues that the June 6, 2001 accrual date is incorrect because she was not aware she had lost the promotion until late June 2001.

tolled, holding that if a plaintiff clearly requests cross-filing in the EEOC charge, but there is a delay in the transmission of the charge from the EEOC to the PHRC, the plaintiff may be allowed to pursue the PHRA claims.  225 F. Supp.2d at 527.  The court notes that a plaintiff can clearly request dual-filing by checking the box on the form or indicating the request elsewhere, as in the cover letter.  Id.

Other cases where courts found equitable tolling to apply also illustrate what it means for a plaintiff to clearly indicate to the EEOC that the charge should be dual-filed with the PHRC.  In Carter v. Philadelphia Stock Exchange, 1999 WL 715205, at *1 (E.D. Pa. 1999), the court found equitable tolling when the plaintiff had requested dual-filing in her cover letter, on the first page of the charge itself, and on an official form used by the EEOC for dual-filing requests.  In Brennan v. National Telephone Directory Corp., 881 F. Supp. 986, 998 (E.D. Pa. 1995), the court allowed the PHRA limitations period to be tolled when the plaintiff indicated to the EEOC that her charge should be dual-filed, and, for reasons beyond her control, the dual-filing did not take place.

The instant case is distinguishable from plaintiff's cited authorities.  Here, counsel for plaintiff wrote the following in the cover letter included with the December 3, 2001 EEOC charge: "I would like to schedule the interviews now and in

7

the meantime have my [client] complete all necessary intake questionnaires and dual filing requests." This sentence does not convey a request for dual-filing. If anything, it advises that plaintiff may do so in the future if and when she completed certain forms. Given that dual-filing was not requested by plaintiff within 180 days of the alleged discrimination, equitable tolling is not applicable, and the PHRA claim is untimely.[3] Defendant will be granted summary judgment on plaintiff's PHRA claim based on the June 2001 failure to promote.

III. DISCRIMINATION UNDER THE ADEA

The Court next turns to plaintiff's ADEA claim based on the June 2001 denial of promotion. Defendant moves for summary judgment based on the argument that plaintiff has not established a prima facie case of discrimination or pretext under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Under McDonnell Douglas the plaintiff must, first, "produce evidence that is sufficient to convince a reasonable fact finder to find all of the elements of a prima facie case." Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 1108 (3d Cir. 1997) (quoting St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993)). Next, if the plaintiff establishes a prima

---

[3] Even if plaintiff's contention that she did not learn about the denial of the promotion until late June 2001 is accepted, the PHRA claim remains untimely.

facie case, "the burden of production (but not the burden of persuasion) shifts to the defendant, who must then offer evidence that is sufficient, if believed, to support a finding that it had a legitimate, nondiscriminatory reason for the discharge." Id. (citing Hicks, 509 U.S. at 506-07). Third, if the defendant articulates a legitimate, non-discriminatory reason for the adverse employment action, the employer satisfies its burden of production. See id. (citing Hicks, 509 U.S. at 507-08). The plaintiff may then "survive summary judgment . . . by submitting evidence from which a fact finder could reasonably either (1) disbelieve the employer's articulated reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's actions." Id. at 1108 (citing Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994)). With regard to the showing required of plaintiff:

> To discredit the employer's proffered reason, however, the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent. Rather, the non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could rationally find them "unworthy of credence," and hence infer "that the employer did not act for [the asserted] non-discriminatory reasons." While this standard places a difficult burden on the plaintiff, "it arises from an inherent tension between the goal of all discrimination law and our society's commitment to free decisionmaking by the private sector in economic affairs.

9

Fuentes, 32 F.3d at 765 (internal citations omitted).  Finally, courts should keep in mind that "[a]lthough intermediate evidentiary burdens shift back and forth under this framework, 'the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'"  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000) (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)).

      For plaintiff to establish a prima facie case of age discrimination under the law of the Third Circuit, she must show she: "(1) was over 40 years of age at the time in question, (2) applied for and was minimally qualified for the job, (3) but was rejected (4) in favor of a person who was 'sufficiently younger to permit an inference of age discrimination.'"  Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1084 (3d Cir. 1996) (Alito, J., concurring in part and dissenting in part) (citing Barbour v. CSX Distrib. Serv., 68 F.3d 694, 698 (3d Cir. 1995)).

      "The burden of establishing a prima facie case of disparate treatment is not onerous."  Sheridan, 100 F.3d at 1084 (citing Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)).  Taking the evidence in the light most favorably to plaintiff, plaintiff has established a prima facie case.  She was 57 years old at the time of the first alleged violation and has

put forward evidence that she was qualified for the job, but was rejected in favor of a substantially younger individual.[4]

The inquiry now turns to whether the defendant has articulated a legitimate, nondiscriminatory reason for the discharge, and if so, whether plaintiff has offered sufficient evidence to "show by a preponderance of the evidence that the employer's explanation is pretextual." Fuentes, 32 F.3d at 764. To survive summary judgment, a plaintiff must offer evidence that raises a genuine issue of fact as to whether the employer's proffered reasons for the employment decision were not its true reasons. Sheridan, 100 F.3d at 1067.

Here, defendant states that plaintiff was not hired because her qualifications were not equal to or better than Hilda Massenburg's, the individual who was ultimately hired for the job.[5] Plaintiff argues that this reason is pretextual, contending that plaintiff's qualifications were better than

---

[4] In addition to the qualifications listed on her resume, plaintiff's qualifications were adequate for her to be interviewed for the position. Defendant has put forward evidence that the woman hired for the position instead of plaintiff was 41 at the time of hiring.

[5] Plaintiff argues that this reason is not sufficient, as defendant failed to offer deposition evidence of the hiring decisionmakers. However, defendant need not prove that the reason put forward was the actual reason for its behavior, as the ultimate burden of proving discrimination always remains with plaintiff. Fuentes, 32 F.3d at 764.

11

Massenburg's.[6]  According to plaintiff, Massenburg had a prior business relationship with the decision maker, and Massenburg's hiring was the result of favoritism.  Plaintiff also offers evidence that the decisionmaker told another employee that "new blood" was needed for the position for which plaintiff applied.

To establish pretext, it is not enough to show that the employment decision was wrong.  A plaintiff must show "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could rationally find them "unworthy of credence."  <u>Fuentes</u>, 32 F.3d at 765.  Here, no individual piece of evidence put forward by the plaintiff, when taken on its own, demonstrates the necessary weakness in defendant's offered reason.  However, here, if viewed together, a reasonable fact-finder could find the cumulative effect of the evidence casts doubt on defendant's proffered reason for its hiring decision.  The Court finds that there are genuine issues of material fact as to whether defendant's proffered legitimate, non-discriminatory reason is pretextual.  For this reason,

---

[6] Plaintiff argues that both candidates had: (1) three to five years of customer service experience, (2) call center management experience, (3) computer and telephone software knowledge, and (4) prior supervisory experience. Additionally, plaintiff had already worked in the department, while Massenburg was an outside candidate. Defendant disputes plaintiff's call center management experience and supervisory experience, and points out that Massenburg holds a bachelor of arts degree, a preferred qualification for the position.

12

plaintiff's claim under the ADEA for the June 2001 failure to promote will be permitted to proceed to trial.

IV.   RETALIATION CLAIM

Plaintiff's retaliation claim also proceeds under the McDonnell Douglas standard. See Fasold v. Justice, 409 F.3d 178, 188 (3d Cir. 2005). Plaintiff must first establish a prima facie case. Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 1108 (3d Cir. 1997). If she does so, the defendant must offer sufficient evidence to support a legitimate, nondiscriminatory reason for its action. Id. If the defendant articulates a legitimate, non-discriminatory reason for the adverse employment action, the plaintiff may then "survive summary judgment . . . by submitting evidence from which a fact finder could reasonably either (1) disbelieve the employer's articulated reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's actions." Id. at 1108 (citing Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994)).

For a plaintiff to establish a prima facie case of illegal retaliation, the plaintiff must prove: (1) she engaged in a protected employee activity; (2) she suffered an adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection exists between the employee's protected activity and the employer's

13

adverse action.  See Glanzman v. Metro. Mgmt. Corp., 391 F.3d 506, 509 (3d Cir. 2004).

Plaintiff has not established a prima facie case of retaliation.  Plaintiff alleges that her disability benefits were improperly withheld in late December 2001 as retaliation for instigating an internal investigation, ending in October 2001, and lodging a complaint with the EEOC in early December 2001. This problem was resolved early in 2002, and plaintiff received the benefits due.  There was no "adverse employment action," as is necessary for a claim of retaliation. "[R]etaliatory conduct must be serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." Robinson v. City of Pittsburgh, 120 F.3d 1286, 1300 (3d Cir. 1997).  The action must cause a "significant change in employment status, such as hiring, firing, failing to promote, or reassignment."  Parrillo v. Lower Bucks County Joint Mun. Authority, 2003 WL 23162434, at *7 (E.D. Pa. 2003).  In this case, plaintiff's benefit payments were withheld for a short amount of time, and then reinstated.  Although this action may very well have caused difficulties for plaintiff, and could possibly constitute a violation of Pennsylvania wage or contract law, it does not amount to an adverse employment action for the purpose of a retaliation claim.

Additionally, there is no evidence offered that the

withholding of plaintiff's disability benefits was because of, or in any way connected to her complaint of discrimination or her filing of a charge with the EEOC.  In fact, plaintiff admitted at her deposition that she did not know who was responsible for the withholding error.[7]  Her conclusory allegation that these incidents "[have] to do with me [plaintiff] filing that complaint," is simply not sufficient to establish a prima facie case of retaliation.  Summary judgment will be granted to defendant on the retaliation claim.

V.   CONCLUSION

For the reasons stated above, summary judgment will be granted to defendant on plaintiff's PHRA claim for the June 2001 denial of promotion and on plaintiff's retaliation claim. Plaintiff's claim under the ADEA for the June 2001 denial of promotion will be permitted to proceed to trial.

**AND IT IS SO ORDERED**.

_____

**EDUARDO C. ROBRENO, J.**

---

[7] Apparently, an entirely separate entity from defendant is responsible for the administration of disability benefits.

15